Dear Mayor Merritt:
Your request for an Attorney General's opinion was forwarded to me for research and reply. You specifically asked whether the Chief of Police has the authority to increase the rate of pay and hours worked for a part-time officer without the Council's approval if the money is in the budget.
Our office specifically addressed the question of increasing the salary of police personnel in La. Atty. Gen. Op. Nos.00-113 and 00-366 (see attached) wherein we opined that increasing the salaries of police personnel is a power vested in the mayor and board of alderman subject to the recommendation of the chief of police. We concluded that the chief of police could not unilaterally increase the salaries of his employees. Rather, he could only recommend salary increases to the mayor and board of alderman who could, by ordinance effectuate the salary increase.
As it relates to increasing the part-time hours of police personnel, pursuant to LSA-R.S. 33:423, the chief of police is the chief law enforcement officer of the municipality and, as such, he has the inherent powers of supervision and control over the police department. This office has concluded many times that the chief of police, as the chief law enforcement officer, is in the best position to determine how to run his department efficiently and effectively. Accordingly, it is our opinion that it is certainly within the police chief's authority, by virtue ofLSA-R.S. 33:423 to increase an officer's part-time hours. *Page 2 
We hope this opinion has sufficiently addressed your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Sincerely,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:______________________ CHARLENE PATTERSON Assistant Attorney General *Page 3 
 ATTACHMENT Westlaw.
 La. Atty. Gen. Op. No. La. Atty. Gen. Op. No. 00-113, 2000 WL 571800 (La.A.G.) (Cite as: 2000 WL 571800 (La.A.G.))
 Office of the Attorney General State of Louisiana *1 Opinion No. 00-113 April 25, 2000
 77 — Officers — Local Municipal
 When the governing authority appoints auxiliary police as volunteers, they are
 "hired" only on that basis and cannot be compensated without approval of the
 governing authority.
 Hon. Manson J. Saltzman
 Mayor
 Town of Gueydan
 500 Main Street
 Gueydan, LA 70542

Dear Mayor Saltzman:
This office is in receipt of your request for an opinion of the Attorney General in regard to utilization of auxiliary police officers by the Chief of Police. You indicate the Town of Gueydan is a Lawrason Act municipality with an elected Chief of Police. Upon the recommendation of the Chief of Police the governing authority has employed several patrolmen, and has received a list of a number of individuals as "auxiliary police officers". The latter positions are not paid and are utilized on special occasions such as football games, traffic control, or to ride with a uniformed officer. They have also been used by the Chief of Police as substitute patrolmen without approval of the Mayor and Council, being paid minimum wage. A request for "overtime pay" for two auxiliary police officers was returned to the Police Department by the Mayor with instructions that he would not a sign a check for a person not approved by the Council and that an elected Chief could not be replaced by his own approval. The auxiliary officers had worked in the Chief's position.
Based upon these related facts your ask the following questions:
1) Can an elected Chief of Police in a Lawrason Act municipality utilize an auxiliary officer to work in his place and be compensated;
2) Can the elected Chief of Police utilize "auxiliary" police offices on a paid status without first obtaining approval from the Mayor and Board of Aldermen; and
3) Is payment to these auxiliary officers upon the Chief of Police's request appropriate under either or both of these circumstances. *Page 4 
In Atty. Gen. Op. No 99-48 it was noted that this office has repeatedly opined that all employees of the police department, including part-time and auxiliary officers, are included in the term "police personnel." While it was recognized that the elected chief of police has supervisory power over the police department personnel, it was observed that the filling of positions are done after recommendation by the chief of police by approval of the mayor and board of aldermen. As recognized in Atty. Gen. Op. No. 83-731, the mayor and board of aldermen are generally empowered to hire all municipal employees, which included personnel for the police department, although they only have authority to appoint police personnel, including auxiliary police, subject to the recommendation of the chief of police.
It follows when the governing authority appoints an individual as an uncompensated auxiliary officer, there is no authority without the approval of the mayor and board of aldermen to have those appointed personnel compensated. While the Chief of Police super-vises his department, the mayor and board of aldermen "hire" municipal personnel, and the Chief of Police cannot authorize an auxiliary officer to do any work for compensation without approval from the Mayor and Board of Aldermen.
*2 Moreover, this office has concluded that an elected chief of police is a full time position as an official and not an employee of the municipality. He is not permitted vacation time allowed municipal employees, Atty. Gen. Op. Nos. 85-25, 85-766. Vacation leave for an elected chief of police is a matter to be granted by the governing authority, Atty. Gen. Op. Nos. 96-69, 91-88.
Therefore, it must be concluded when the governing authority appoints individuals as auxiliary police officer upon the Chief of Police's recommendation as volunteers, they are "hired" only on that basis. They cannot be compensated without approval of the governing authority.
We hope this sufficiently responds to your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 Richard P. Ieyoub Attorney General
 By: Barbara B. Rutledge Assistant Attorney General
 La. Atty. Gen. Op. No. 00-113, 2000 WL 571800 (La.A.G.) *Page 5 
 ATTACHMENT Westlaw.
 La. Atty. Gen. Op. No. La. Atty. Gen. Op. No. 00-366, 2000 WL 1721642 (La.A.G.) (Cite as: 2000 WL 1721642 (La.A.G.))
 Office of the Attorney General State of Louisiana *1 Opinion No. 00-366 October 24, 2000 SYLLABUS
OFFICERS — LOCAL MUNICIPAL
La. R.S. 33:423
La. R.S. 33:404.1
 Chief of Police of Carencro cannot promote and increase salaries of his employees without the approval of the council.
 Mr. Timmy Duhon Chief of Police Carencro City Police Post Office Drawer 10 Carencro, Louisiana 70520
Dear Chief Duhon:
We received your request for an opinion regarding the promotion of employees within your department. After reviewing your request and discussing the matter with you, it is our understanding that you specifically question your authority to promote and increase the salaries of your employees without the approval of the council. We understand from you that the funds for the proposed salary increases are within your current budget.
Carencro is a Lawrason Act municipality with an elected Chief of Police. Pursuant to La. R.S. 33:423, the Police Chief has the general responsibility of law enforcement in the given municipality. This statute also provides that the Police Chief is to make recommendations to the Mayor and Board of Aldermen for the appointment of police personnel, for the promotion of officers, for disciplinary action, and for the dismissal of police personnel. The Louisiana Supreme Court has in fact recognized that the Chief of Police of a Lawrason Act municipality is the chief law enforcement officer of the municipality and, as such, has the inherent power of supervision over the police department. Lentini v. City of Kenner,211 So.2d, 311 (La. 1968). Our office has recognized this principle in numerous opinions. See Attorney General Opinions 00-96, 00-113, 99-406, and 99-27. As noted *Page 6 
in these prior opinions, the actual appointment and dismissal power of police personnel in a Lawrason Act municipality is vested in the Mayor and Board of Aldermen. However, this power is contingent upon the recommendation of the Chief of Police. All employees of the police department are included in the term "police personnel". See Attorney General Opinion 99-48.
Thus, as set forth in the statute and opinions noted above, the Chief of Police in a Lawrason Act municipality must make a recommendation to the Mayor and Board of Aldermen for the promotion of police personnel. The mayor and Board of Alderman have the power to promote police personnel, subject, of course, to your recommendation. Therefore, neither the Board of Aldermen nor the Chief of Police may act unilaterally to promote police personnel.
With regard to increasing the salaries of your employees, please note that because the Mayor and Board of Aldermen are empowered to hire all municipal employees, including police personnel, they have the authority to compensate police personnel contingent, of course, on your recommendation. See Attorney General Opinion 00-113. As such, it is our opinion that you may not unilaterally increase the salaries of your employees. You may recommend the salary increases to the Mayor and Board of Alderman who, by ordinance, actually effectuate the salary increases.
*2 You also questioned if you could increase your salary with existing funds in your budget for salaries without the approval of the council. La. R.S. 33:404.1 provides that your compensation, as a municipal officer, is fixed by the Board of Alderman by ordinance. Thus, it is our opinion that only the Board of Aldermen has the authority to increase your salary by ordinance. You cannot do so on your own.
We trust that this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ TINA VICARI GRANT Assistant Attorney General